**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

DR. ARCHIE EARL, Individually,
and as Representative of the Class
of all similarly situated persons
at Norfolk State University,

    Plaintiffs,

v.                                No. 2:13cv148

NORFOLK STATE UNIVERSITY, et. al.,

    Defendants.

## MEMORANDUM ORDER

At the final pretrial conference held on March 4, 2016, counsel for Defendants objected to Plaintiffs' use of two party depositions. Two Plaintiffs, Dr. Chijioke Alkamiro and Dr. Curtiss Wall, sought to introduce their own deposition testimony at trial in lieu of live testimony. Plaintiffs' counsel proffered that both parties would be unable to attend the trial, and therefore the use of their deposition testimony would be necessary. For the reasons outlined below, the undersigned sustains Defendants' objection, subject to any subsequent finding by the district court that Plaintiffs have established the parties' unavailability, or that their testimony is otherwise necessary in the interest of justice, pursuant to Rule 32 of the Federal Rules of Civil Procedure.

1

Under Rule 32(a)(1), a deposition may be used against a party at trial if : "(A) the party was present or represented at the taking of the deposition ...; (B) it is used to the extent it would be admissible under the Federal Rules of Evidence if the deponent were present and testifying; and (C) the use is allowed by Rule 32(a)(2) through (8)." Fed. R. Civ. P. 32(a)(1). When deciding whether to admit or exclude deposition testimony, the court is "afforded broad discretion," however there is a strong preference for live testimony, rather than deposition testimony. See Tatman v. Collins, 938 F.2d 509, 511 (4th Cir. 1991); see also Garcia-Martinez v. City & Cty. of Denver, 392 F.3d 1187, 1191-92 (8th Cir. 2004) ("The preference for a witness's attendance at trial is axiomatic. When the 'key factual issues' at trial turn on the 'credibility' and 'demeanor' of the witness, we prefer the finder of fact to observe live testimony of the witness."); Bobrosky v. Vickers, 170 F.R.D. 411, 414 (W.D. Va. 1997) ("It is especially significant that the drafters wanted courts to give due consideration to the importance of presenting live testimony."). As relevant here, Federal Rule of Civil Procedure 32(a)(4) permits the use of deposition testimony when a witness is unavailable. Specifically, the Rule provides that:

> A party my use for any purpose the deposition of a
> witness, whether or not a party, if the court finds:
> (A)  that the witness is dead;

> (B) that the witness is more than 100 miles from the place of hearing or trial or is outside the United States ...;
>
> (C) that the witness cannot attend or testify because of age, illness, infirmity, or imprisonment;
>
> (D) that the party offering the deposition could not procure the witness's attendance by subpoena; or
>
> (E) on motion and notice, that exceptional circumstances make it desirable – in the interest of justice and with due regard to the importance of live testimony in open court – to permit the deposition to be used.

Fed. R. Civ. P. 32(a)(4).

Plaintiffs seek to use Dr. Alkamiro's and Dr. Wall's deposition testimony in lieu of live testimony, arguing that both parties have family obligations that will prevent them from attending the trial. In the proposed final pretrial order, Defendants first raised their objection, noting that "Rule 32 limits use of depositions, unavailability is by Plaintiffs' election; the trial date was set in July 2015 and both Plaintiffs were on notice." Final Pretrial Order (ECF No. 82, at 12). At the conference, Defendants explained that their objection was also due to Plaintiffs' failure to properly identify the depositions as depositions de bene esse.

"The Federal Rules make no distinction for use of a deposition at trial between one taken for discovery purposes and one taken for use at trial (de bene esse)." Tatman, 938 F.2d at

3

510-11. Indeed, parties frequently agree, either explicitly in a Rule 29 stipulation, or implicitly by the manner in which depositions are taken, to permit their use at trial without objection. See Bobrosky, 170 F.R.D. at 415-16. But in the absence of agreement, deposition testimony must still be introduced pursuant to Rule 32. Tatman, 938 F.2d at 510-11; Bobrosky, 170 F.R.D. at 413-16.

Here, Plaintiffs have made no detailed attempt to justify the use of Dr. Alkamiro's and Dr. Wall's deposition testimony under Rule 32(a)(4). That is, Plaintiffs have not explained why Dr. Alkamiro's and Dr. Wall's unavailability warrants the use of their deposition testimony at trial. See Garcia-Martinez, 392 F.3d at 1191 ("The proponent of the deposition bears the burden of proving that it is admissible under Rule 32(a).").

Because Plaintiffs have not adequately proffered unavailability, which would permit the use Dr. Alkamiro's and Dr. Wall's deposition testimony under Rule 32, the undersigned sustains Defendants' objection, subject to any subsequent finding by the district court regarding Dr. Alkamiro's and Dr. Wall's unavailability at trial, or the necessity of their

testimony in the interest of justice under Rule 32(a)(4)(E).[1]
Bobrosky, 170 F.R.D. at 414.

     IT IS SO ORDERED.

                                           /s/
                                  Douglas E. Miller
                             United States Magistrate Judge

                         DOUGLAS E. MILLER
                         UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia
March 7, 2016

---

[1] There appears to be no dispute that the deposition testimony meets the basic requirements for admissibility under Rule 32(a)(1), as Defendants' counsel was present and able to examine each witness.